**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOSEPH L. COX, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-0771-CVE-TLW |
| | ) |
| TY KOCH, Sheriff Osage County, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

On December 12, 2011, Plaintiff Joseph L. Cox, Jr., a state prisoner currently in custody at the Osage County Jail and appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1). On December 13, 2011, Plaintiff paid the full $350 filing fee. Plaintiff also provided a completed summons and USM-285 Marshal service form. For the reasons discussed below, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. However, Plaintiff shall be afforded an opportunity to file an amended complaint in order to cure the deficiencies identified below.

**A. Complaint is subject to dismissal**

    **1. Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**2. Plaintiff's claims**

In his complaint (Dkt. # 1), Plaintiff identifies the nature of his claims as "terristic [sic] mental torture tactics to extract guilty pleas!" He identifies three (3) claims:

Count I:   "Neglect." Person entering Osage County Jail are not screened for nicotine addiction verifiable by medic T. Big Eagle.
Nicotine the most powerful legal drug in the world. Even people in hospitals on respirators sneak a cigarette under their oxygen mask. In Case No. CF-10-51, I plead guilty just so I could get tobacco and out from under the mental torture of jail.

Count II:  Health and hygiene violation mental humiliations.
Clothing is exchanged once every 7-10 days if not longer depending on which security officer lies about doing it.

Count III: Cruel and unusual punishment.
Cells are locked down 19 hours a day the other 4 hours are on so called rotating schedule, creating full time discontent there is no request or grievance in working order.

Id. Plaintiff names one (1) defendant: Ty Koch, Sheriff of Osage County. Id. Plaintiff also attaches two (2) handwritten pages to his complaint. On those pages, he describes the "ill effects" of nicotine addiction, and complains of limited access to television viewing, no access to newspapers or magazines, high priced commissary items, no access to hot water for soup or coffee preparation, and only non-contact visitation while handcuffed. Id., attached pages. In his prayer for relief, Plaintiff asks for "some type of nicotine, open cells, clothing exchange at least 3 day's . . . [sic], cheaper phone services, no handcuffs at visit's [sic], hot water spickets, [sic] for coffee and soup, make reasonable price for commissary, new hearing in Case No. CF-10-51, bottled water." (Dkt. # 1 at 3).

### 3. Claims against Defendant Koch lack factual support

Plaintiff's complaint against Defendant Koch is subject to dismissal for failure to state a claim upon which relief may be granted. First, Plaintiff's *pro se* status does not excuse him from complying with the fundamental requirements of the Federal Rules of Civil Procedure. Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994). Rule 8(a), *Federal Rules of Civil Procedure*, requires that a pleading set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." This requirement serves two purposes: it informs defendants of the claims asserted so that they may respond to the complaint, and it "appris[es] the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kan., 891 F.2d 1473, 1480 (10th Cir. 1989).

Plaintiff's complaint does not comply with Rule 8(a). First, parts of the complaint are illegible. In addition, the Court is unable to connect Plaintiff's prayer for relief with much of the body of his complaint. Plaintiff requests some relief that appears unrelated to the factual allegations that he makes and, conversely, Plaintiff makes allegations of wrongdoing or mistreatment that would not be remedied by the relief he seeks. For those reasons, Plaintiff's complaint is subject to being dismissed without prejudice for failure to comply with Fed. R. Civ. P. 8.

Of greater significance, however, Plaintiff fails to explain how or when the only named defendant, Ty Koch, violated his constitutional rights. Plaintiff fails to identify a link between Defendant Koch and any of the three claims. He states only that Defendant Koch acted under color of state law. See Dkt. # 1. As a result, the complaint is subject to dismissal for failure to state a claim as to Defendant Koch.

Plaintiff is advised that personal participation is an essential element of a § 1983 claim. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976). A supervisor incurs no § 1983 liability for a subordinate's conduct that results in the deprivation of a constitutional right unless an "affirmative link" exists between the deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988); see also Coleman v. Turpen, 697 F.2d 1341, 1347 n.7 (10th Cir. 1982) (respondeat superior generally does not apply in § 1983 cases). A plaintiff cannot establish liability under § 1983 merely by "'show[ing] the defendant was in charge of other state actors who actually committed the [constitutional] violation. Instead, . . . the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights.'" Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010) (quoting Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006)). Plaintiff fails to describe Defendant Koch's personal participation in the alleged wrongdoings. Thus, to the extent Defendant Koch was sued based solely on his status as a supervisor, the complaint is subject to dismissal for failure to state a claim.

**4. Allegations fail to rise to level of constitutional violation**

Plaintiff complains of several aspects of his confinement. In counts I and II, he objects to being denied access to tobacco and to the infrequency of the laundry schedule. In count III, he complains of being "locked down" for nineteen (19) hours per day. Although the conditions at the Osage County Jail as described by Plaintiff may be far from ideal, jails are not constitutionally required to duplicate the amenities of hotels. Instead, to state a claim under 42 U.S.C. § 1983, Plaintiff must show that intentional actions of the defendant served to deprive him of a constitutional right. Daniels v. Williams, 474 U.S. 327 (1986) (rejecting notion that negligent care provided by

jailers rises to level of constitutional violation). Plaintiff's allegations concerning limitations on access to tobacco, television, and laundry service are insufficient to demonstrate that he has been constitutionally harmed. See, e.g., Murphy v. Walker, 51 F .3d 714, 718 (7th Cir. 1995) (finding "no support in the case law" for claim that denial of "cigarettes and television amounts to a constitutional violation"); Martin v. Tyson, 845 F.2d 1451, 1457 (7th Cir. 1988) (prisoner's objection to infrequency of jail's laundry schedule does not rise to level of constitutional violation). Plaintiff's third claim concerning lock down procedures at the jail is vague and conclusory, and the allegations fail to provide sufficient facts to state a claim for relief under 42 U.S.C. § 1983. See Farmer v. Brennan, 511 U.S. 825, 838 (1994) (Eighth Amendment does not "allow liability to be imposed on prison officials solely because of the presence of objectively inhumane prison conditions"). Without more, Plaintiff's claims in this case simply do not rise to the level of constitutional violations and are subject to being dismissed for failure to state a claim upon which relief may be granted.

**5. Failure to provide a grievance policy does not rise to level of constitutional violation**

As part of his third claim, Plaintiff alleges that "there is no request or grievance in working order," amounting to "cruel and unusal [sic] corporal punishment." See Dkt. # 1. To the extent Plaintiff believes the failure to provide a grievance procedure gives rise to a constitutional violation, his claim fails. The Tenth Circuit has determined that prison grievance procedures do not create a protected liberty interest and, therefore, do not implicate a prisoner's due process rights under the Fourteenth Amendment. Murray v. Albany Cnty. Bd. of Cnty. Comm'rs, No. 99–8025, 2000 WL 472842, at *2 (10th Cir. Apr. 20, 2000) (unpublished) ("[P]rison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'"); Anderson v. Colorado Dep't of Corr., No. 98–1477, 1999 WL 387163, at *2 (10th

6

Cir. June 14, 1999) (unpublished) (allegations relating to requirements of prison's grievance procedure do not create any liberty interest). Accordingly, any failure to provide a grievance policy does not rise to the level of a constitutional violation. See Walters v. Corr. Corp. of America, No. 04–6067, 119 Fed. Appx. 190, 191 (10th Cir. Dec. 7, 2004) (unpublished) (as evidenced by the complaint before the court, any alleged denial of access to administrative grievance procedures has not resulted in a violation of constitutional right of access). Therefore, this claim is subject to dismissal for failure to state a claim upon which relief may be granted.

### 6.  Request for new hearing in Case No. CF-10-51 is inappropriate

As part of his requested relief, Plaintiff asks that he be provided a "new hearing in case CF-10-51." See Dkt.# 1. In effect, Plaintiff seeks intervention by this Court in his criminal proceeding in state court. That relief is not available in a civil rights action. See Preisser v. Rodriguez, 411 U.S. 475, 487-490 (1973); Duncan v. Gunter, 15 F.3d 989 (10th Cir. 1994); Smith v. Maschner, 899 F.2d 940, 951 (10th Cir. 1990). Therefore, Plaintiff's request that he be provided a "new hearing" in his state criminal action shall be dismissed.

### 7.  Opportunity to amend

Plaintiff will be afforded the opportunity to file an amended complaint to cure these deficiencies. If Plaintiff files an amended complaint, he must state specifically how and when Defendant Koch violated his constitutional rights. If Plaintiff fails to file an amended complaint, this action shall be dismissed for failure to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Within thirty (30) days of the entry of this Order, or by **January 26, 2012**, Plaintiff shall file an amended complaint using the court-approved form and curing the deficiencies identified herein.

2. If Plaintiff fails to file an amended complaint, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

3. Plaintiff's request for a new hearing in Osage County District Court, Case No. CF-2010-51, is **dismissed**.

4. The Clerk of Court shall send Plaintiff a blank civil rights complaint (form PR-01), marked "amended" and identified as Case No. 11-CV-771-CVE-TLW, for Plaintiff's use in complying with this Order.

**Failure to comply with this Order may result in the dismissal of this action without prejudice and without further notice.**

**DATED** this 27th day of December, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT