IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOSEPH L. COX, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 11-CV-0771-CVE-TLW |
| | ) |
| **TY KOCH, Sheriff Osage County;** | ) |
| **MARK OATMAN, Doctor;** | ) |
| **OTIS HUGHS, Captain;** | ) |
| **NATASHA PARKS, Nurse;** | ) |
| **DOUG GOETZ, C.E.O. C.H.C.,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action commenced by Plaintiff Joseph L. Cox, Jr., a state prisoner appearing pro se. The original complaint (Dkt. # 1) was dismissed on March 7, 2012, based on Plaintiff's failure to comply with an Order of the Court. See Dkt. # 11. However, by Order filed October 12, 2012 (Dkt. # 17), the Court granted Plaintiff's request to reopen this matter and directed Plaintiff to file an amended complaint to cure deficiencies as previously ordered, see Dkt. # 10. Plaintiff filed his amended complaint (Dkt. # 19) on October 19, 2012. On November 14, 2012, Plaintiff filed his third amended complaint (Dkt. # 34), as directed by the Court. After screening the third amended complaint, see 28 U.S.C. § 1915A, the Court shall dismiss Plaintiff's equal protection claim for failure to state a claim upon which relief may be granted. The United States Marshal shall effect service of process as to the remaining claims.

As a preliminary matter, the Court notes that when he filed his third amended complaint, Plaintiff also filed a "motion to obtain leave of Court" to file the third amended complaint (Dkt. # 33). Based on the Court's Order providing an opportunity for Plaintiff to file the third amended complaint, see Dkt. # 32, the Court finds Plaintiff's motion is unnecessary. For that reason, the "motion to obtain leave of Court" shall be declared moot.

## *BACKGROUND*

Plaintiff is in custody at the Osage County Jail (OCJ). He identifies three (3) claims, all related to the medical care provided at the OCJ. Specifically he identifies his claims, as follows:

Count I: My right to due process were [sic] deprived by not allowing me emergency medical treatment, when I was beat so bad they were taking picture of me at intake on 7-18-12.

Count II: Denied equal protection by not receiving medical treatment and then forced to endure a long continual mental abuse of neglect pain suffering of what may be permanent damage.

Count III: Cruel and unusual punishment and or treatment by deliberate indifference neglect and malice with retaliatory acts.

(Dkt. # 34). Plaintiff also provides two (2) handwritten pages containing additional factual support for his claims. Id. In addition, he attaches 64 pages of records allegedly supporting his claims. Id. In his request for relief, Plaintiff asks for an "immediate MRI to get a proper diagnosis of my injurys [sic], a change of the procedures of jail administration, medical handling of humans [sic] beings, and $75,000,000.00 million dollars compensation for physical neglect and mental abuse." Id.

2

*ANALYSIS*

**A.    Screening/Dismissal**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See id.  To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B.  Complaint fails to state an equal protection claim**

As his second claim, Plaintiff alleges that he has been deprived of adequate medical in violation of his right to equal protection. See Dkt. # 34. An equal protection violation occurs when the government treats someone differently than another who is similarly situated. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). In this case, Plaintiff provides no explanation for this claim and no factual support. He does not claim that he has been treated differently than another who is similarly situated. Plaintiff's conclusory allegation establishes no factual basis for such a claim. See Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995).  Although Plaintiff makes statements suggesting that he is a Native American, he does not allege that actions regarding medical care were directed at him due to a protected classification, that any fundamental right was implicated, or that the medical care provided was not rationally related to a legitimate government interest, see id. at 971, let alone that the medical care provided did not substantially further any compelling governmental interests, City of Cleburne, 473 U.S. at 440, as required under a strict scrutiny analysis. He simply uses the term "equal protection." Therefore, Plaintiff's second claim shall be dismissed from this action without prejudice for failure to state a claim upon which relief may be granted.

4

**C. Service of the third amended complaint**

Plaintiff has submitted summonses and USM-285 Marshal service forms. The Court shall construe those submissions as a request for service by the U.S. Marshal. That request is hereby granted. After completing an initial review of the third amended complaint, the Court finds that an investigation and Special Report are necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims as identified in Counts I and III. See Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991); Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). The Clerk shall issue the summonses provided by Plaintiff for Defendants and deliver them, along with the USM-285s, five (5) copies of the third amended complaint (Dkt. # 34), and five (5) copies of this Order to the U.S. Marshal for service on Defendants.[1] Upon service, officials responsible for the agency involved in the alleged civil rights violations shall undertake a review of the subject matter of Counts I and III of the third amended complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution or other appropriate officials to resolve the subject matter of the amended complaint; and

(c) to determine whether other like complaints, whether pending in this Court or elsewhere, are related to this complaint and should be taken up and considered together.

In conducting the review, a written Special Report shall be compiled and filed with the court. Authorization is granted to interview all witnesses including Plaintiff and appropriate officers of the agency. Wherever appropriate, medical or psychiatric examinations shall be made and included in the written report. Any rules and regulations pertinent to the subject matter of the third amended

---

[1] The Court hereby extends the time for service an additional 60 days pursuant to Fed. R. Civ. P. 4(m).

complaint shall be included in the written report. The Special Report and Defendants' answer(s) and/or dispositive motion(s) shall be filed no later than sixty (60) days from the date of service. The Special Report made in the course of this investigation shall be filed as a separate document.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's "motion to obtain leave of Court" (Dkt. # 33) is **declared moot**.

2. Plaintiff's equal protection claim, as raised in Count II of the third amended complaint, is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

3. The Clerk shall **issue** the summonses provided by Plaintiff and deliver them, along with the USM-285s, five (5) copies of the third amended complaint (Dkt. # 34), and five (5) copies of this Order to the U.S. Marshal for service on Defendants.

4. The agency responsible for the alleged civil rights violations as raised in Counts I and III of the third amended complaint shall prepare a Special Report as directed herein.

5. **The Special Report and Defendants' answer(s) and/or dispositive motion(s) shall be filed no later than sixty (60) days from the date of service.** The Special Report made in the course of this investigation shall be filed as a separate document.

6. No applications, motions, or discovery should be filed or considered until the steps set forth in this order have been completed, except as the Court further orders.

7. Should Defendants file a dispositive motion(s), Plaintiff shall file a **response** within twenty-one (21) days after the filing of Defendants' motion(s). **Failure to file a response could result in the entry of relief requested in the motion. See LCvR 7.2(e),(f).**

**DATED** this 17th day of December, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE